IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WAYNE GODFREY,<br><br>    Movant,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent.<br>_____/ | No. C 10-03885 CW<br>No. CR08-00812 CW<br><br>ORDER DENYING MOVANT'S § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE |

    Movant, a federal prisoner currently incarcerated at the Federal Correctional Institution in Terminal Island, California, has filed this motion under 28 U.S.C. section 2255 to vacate, set aside or correct his sentence.  Respondent opposes the motion.  The motion was taken under submission on the papers.  After considering all the papers filed by the parties, the Court DENIES the motion.

BACKGROUND

    The following facts are taken from the documents and transcripts in United States of America v. David Wayne Godfrey, CR-08-0812 CW.  On November 12, 2008, Movant was charged in a one-count indictment with distributing, on October 13, 2008, approximately 6.3 grams cocaine base, in violation of Title 21, United States Code, sections 841(a)(1) and 841(b)(1)(B)(iii).  On April 1, 2009, Movant entered a plea of guilty pursuant to a plea agreement and Federal Rule of Criminal Procedure 11(c)(1)(C).  Resp.'s Ex. A.  In the plea agreement, Movant expressly waived his rights to file an appeal and a collateral attack on his sentence

under 28 U.S.C. sections 2255 and 2241 and 18 U.S.C. section 3582. Id. at ¶ 5. However, he did not waive his right to bring a claim that his constitutional right to the effective assistance of counsel was violated. Id. At Movant's April 1, 2009 change of plea hearing, he confirmed that he was satisfied with his attorney's advice and representation, that he had read and understood the plea agreement, and that he understood that by pleading guilty, he was giving up the right to appeal his sentence and the right to file a later attack against his sentence. He said that no promises had been made to him that were not in the plea agreement. Resp.'s Ex. B., Transcript of April 1, 2009 Change of Plea Hearing at 5, 6. On April 29, 2009, the Court sentenced Movant to seventy months imprisonment and four years of supervised release. Judgment entered on May 4, 2009.

On August 30, 2010, Movant filed this motion under section 2255 to vacate, set aside or correct his sentence, claiming that his trial counsel was ineffective for failing to inform him that, if he signed the plea agreement, he would waive his right to bring a motion under 18 U.S.C. section 3582 for a reduction in his sentence under the newly enacted Fair Sentencing Act. Movant claims his attorney told him that if a new law regarding crack cocaine was enacted, he would benefit from it.

Respondent argues that this motion should be denied on three grounds: (1) Movant waived his right to file this section 2255 motion; (2) the motion is barred by the statute of limitations; and (3) the Fair Sentencing Act of 2010 (FSA) is not retroactive and, thus, does not apply to Movant.

2

LEGAL STANDARD

A prisoner, in custody under sentence of a federal court, making a collateral attack against the validity of his or her conviction or sentence must do so by way of a motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. section 2255 in the court which imposed the sentence. Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir. 1988). Under section 2255, a federal sentencing court may grant relief if it concludes that a prisoner in custody was sentenced in violation of the Constitution or laws of the United States. United States v. Barron, 172 F.3d 1153, 1157 (9th Cir. 1999).

DISCUSSION

I. Waiver

A defendant may waive his right to make a section 2255 motion, pursuant to a negotiated plea agreement. The Ninth Circuit enforces waivers of appellate rights and of the right to challenge a sentence collaterally in criminal cases, where waivers are provisions of a negotiated plea agreement. United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir. 1993). The right to bring a collateral attack under section 2255 is statutory and a knowing and voluntary waiver of a statutory right is enforceable. Id. A defendant, however, may not waive his right to effective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 56-57 (1985).

In his plea agreement, Movant did not waive a claim of ineffective assistance of counsel. In his section 2255 motion, Movant's only claim is premised upon the violation of his constitutional right to effective assistance of counsel.

3

Therefore, Movant has not waived his right to bring this motion.

II. Untimeliness

A motion to vacate, set aside or correct a federal sentence under section 2255 must be filed within one year of the latest of the date on which: (1) the judgment of conviction became final; (2) an impediment to making a motion created by governmental action was removed, if such action prevented the movant from making a motion; (3) the right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.  28 U.S.C. § 2255(f).

The Ninth Circuit, guided by the Supreme Court's definition of finality in <u>Griffith v. Kentucy</u>, 479 U.S. 314, 321 n.6 (1987), has ruled that the limitations period begins to run at the deadline for filing a petition for writ of certiorari or the date on which a petition for certiorari has been denied, rather than the date on which the Court of Appeals affirms the judgment.  <u>United States v. Schwartz</u>, 274 F.3d 1220, 1223 (9th Cir. 2001).

The statute of limitations in section 2255 is subject to equitable tolling.  <u>United States v. Battles</u>, 362 F.3d 1195, 1196-97 (9th Cir. 2004).  Equitable tolling is available only when "extraordinary circumstances beyond the prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of the untimeliness."  <u>Id.</u> at 1197 (citing <u>Laws v. Lamarque</u>, 351 F.3d 919, 922 (9th Cir. 2003)).  The prisoner bears the burden of showing that this "extraordinary

4

exclusion" should apply to him.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002).

Here, Movant does not allege an impediment created by government action, nor does his claim depend on a newly recognized right or on facts that could not have been discovered at the time of sentencing with reasonable due diligence.  Therefore, under the first prong of section 2255(f), the one-year statute of limitations for Movant's claim began to run at the time his sentence became final.

Movant was sentenced on April 29, 2009, and judgment was entered on May 4, 2009.  Because Movant did not directly appeal, the judgment became final ten days from the entry of judgment, pursuant to Federal Rule of Appellate Procedure 4(b).[1]  Therefore, the judgment became final no later than May 18, 2009.  Movant had until May 18, 2010 to file his section 2255 motion within the statutory time period.  However, Movant filed his motion on August 30, 2010, more than three months beyond the statutory deadline.  Because Movant does not allege any reasons for the untimeliness of his motion, equitable tolling does not apply, and his motion must be denied.  Furthermore, Movant's claim fails on the merits.

III. FSA is Not Retroactive

At the time Movant committed the instant offense, title 21 U.S.C. section 841(b)(1)B)(iii) required a sixty-month mandatory minimum sentence for drug-trafficking offenses involving more than five grams of cocaine base.  On August 3, 2010, Congress enacted

---

[1] Effective December 1, 2009, the ten-day filing period was changed to a fourteen day period.

5

the FSA, which amended section 841(b)(1)(B)(iii) to raise the threshold amount for imposition of the sixty-month mandatory minimum sentence from five grams of cocaine base to twenty-eight grams. The Ninth Circuit has held that the FSA is not to be applied retroactively. United States v. Hall, 403 Fed. Appx. 214, 217 (9th Cir. 2010); see also United States v. Carradine, 621 F.3d 575, 580 (6th Cir. 2010) (FSA contains no express statement that it is retroactive; therefore, penalty provision in place at time movant committed the crime must apply).

Movant committed the crime on October 13, 2008, he was indicted on November 12, 2008, and he was sentenced on April 29, 2009. All of these events occurred before the enactment of the FSA on August 3, 2010. Because the FSA is not retroactive, it does not apply to Movant. Therefore, Movant has not established that his counsel's performance was deficient for failing to inform him that, if he signed the plea agreement, he would waive his right to move for a more favorable sentence under the FSA. See Lowry v. Lewis, 21 F.3d 344, 346 (9th Cir. 1994) (counsel's failure to anticipate changes in the law is not constitutionally deficient). Furthermore, because the FSA does not apply to Movant, he cannot establish that he was prejudiced by counsel's alleged advice. See Strickland v. Washington, 466 U.S. 668, 688-93 (1984) (to demonstrate ineffective assistance of counsel, movant must establish deficient performance and prejudice).

## CONCLUSION

For the foregoing reasons, Movant's section 2255 motion is denied. (Docket no. 26). However, on June 30, 2011, the Sentencing

Commission voted to give retroactive effect to the sentencing guideline amendment which implements the FSA.  This amended sentencing guideline will become effective on November 1, 2011, absent congressional action to the contrary.  Thus, after November 1, 2011, Movant may be eligible for a sentence reduction under section 3582(c)(2).  The Court will consider Movant's eligibility for relief after November 1, 2011.

    IT IS SO ORDERED.

Dated: 10/18/2011

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA,

        Plaintiff,

v.

David Dwayne Godfrey,

        Defendant.

Case Number: CR 08-00812 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 18, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

David Dwayne Godfrey
12355-011
Federal Correctional Institution
P.O. Box 3007
Terminal Island, CA 90731

Dated: October 18, 2011

        Richard W. Wieking, Clerk
        By: Nikki Riley, Deputy Clerk

8